BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Daniel A. Ayala, Receiver*

Electronically Filed April 12, 2022

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>J & J CONSULTING SERVICES, INC.,<br><br>Debtor | Case No. 22-10942-mkn<br><br>Chapter 11<br><br>**RECEIVER'S OPPOSITION TO MOTION FOR APPOINTMENT OF (A) CHAPTER 11 TRUSTEE EITHER (I) FOR CAUSE UNDER 11 U.S.C. § 1104(A)(1) OR (II) IN THE BEST INTERESTS OF CREDITORS UNDER 11 U.S.C. § 1104(A)(2) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2007.1(A), 2009, AND 9014 AND (B) GAP PERIOD TRUSTEE PENDING ENTRY OF THE ORDER FOR RELIEF UNDER 11 U.S.C. § 303**<br><br>Hearing Date:  April 15, 2022<br>Hearing Time:  10:00 a.m. |

132843045.1

Daniel A. Ayala (the "Receiver"), the Receiver of the equity interests of the above captioned alleged debtor and debtor in possession, by and through his counsel, Fox Rothschild LLP, hereby files this *Opposition* (the "Opposition") to the *Motion for Appointment of (A) Chapter 11 Trustee Either (I) for Cause Under 11 U.S.C. § 1104(a)(1) or (II) in the Best Interests of Creditors Under 11 U.S.C. § 1104(a)(2) and Federal Rules of Bankruptcy Procedure 2007.1(a), 2009, and 9014 and (B) Gap Period Trustee Pending Entry of the Order for Relief Under 11 U.S.C. § 303* (the "Trustee Motion") [ECF No. 6], filed by Petitioning Creditors Anthony Bonifazio, Keith Ozawa, Janelle Ozawa, and Brian Schumann (the "Petitioning Creditors" or "Movants").

This Opposition is made and based upon the *Declaration of Daniel A. Ayala* (the "Ayala Declaration") filed concurrently herewith, the points and authorities set forth below, the papers and pleadings on file with the Court, and any oral arguments the Court may entertain at the hearing on the Motion.

## I.

## STATEMENT OF RELEVANT FACTS

**A.    The State and District Court Actions**

1. On March 16, 2022, Mark A. Murphy ("Murphy") filed a *Complaint* (the "State Court Complaint") against Matthew Beasley ("Beasley"), Beasley Law Group PC ("Beasley Law"), Jeffrey Judd ("Judd"), J and J Purchasing, LLC ("J&J Purchasing"), and J & J Consulting Services, Inc. ("J&J Consulting" or "Alleged Debtor", and together with J&J Purchasing, the "Alleged Debtors") (collectively, "State Court Defendants") in the District Court for Clark County, Nevada (the "State Court"), initiating Case No. A-22-849806-B (the "State Court Case"). A true and correct copy of the Complaint is annexed to the Ayala Declaration as **Exhibit 1**.

2. On March 21, 2022, Elizabeth Lewis, California Cabinets Distributor, Inc., Paul Maalouf, Fortress Protection, LLC, Brad Maloff, and Better Hitting, Inc. (the "Class Action Plaintiffs") filed a class action complaint (the "Class Action Complaint") in the State Court against Wells Fargo Bank, N.A. ("Wells Fargo"), Beasley Law, and Beasley (collectively, the "Class Action Defendants"), initiating Case No. A-22-850036-C (the "State Court Class Action"). A true and correct copy of the Class Action Complaint is annexed to the Ayala Declaration as **Exhibit 2.**

1

132843045.1

3. On March 25, 2022, Barret Henzel, Bryce Bussey, Tina Guilder, and Anthony Guilder (the "District Court Plaintiffs") filed class action complaint (the "District Court Complaint") against the same State Court Defendants in the United States District Court District of Nevada (the "District Court"), initiating Case No. 2:22-cv-00529 (the "District Court Case"). A true and correct copy of the Class Action Complaint is annexed to the Ayala Declaration as **Exhibit 3**. Murphy, the Class Action Plaintiffs, and the District Court Plaintiffs shall be referred to collectively as the "Plaintiffs" and the State Court Defendants and Class Action Defendants shall be referred to collectively as the "Defendants".

4. The claims asserted in the State Court Complaint, the District Court Complaint, and the Class Action Complaint (collectively, the "Complaints") stem from the Plaintiffs' status as defrauded investors in Defendants' Ponzi scheme (the "Ponzi Scheme"). *See* Ayala Declaration, Exhibits 1-3.

**B.     Description of the Ponzi Scheme**

5. The Petitioning Creditors set forth the following description of the allegations of the Ponzi Scheme, which generally align with the factual allegations in the State Court Complaint, and upon information and belief, provide a true and accurate representation of the background of the Ponzi Scheme:

6. Upon information and belief, the Ponzi Scheme originated in or around late-2016, when Beasley and Judd agreed to work together to get J&J Consulting into the litigation financing business. *See* Adversary Complaint, pg 7. Beasley and Judd solicited investors and had them execute bare-bones contracts (the "Investment Contracts") with the personal-injury plaintiff whose settlement interest was to be purchased, that stated the dollar amount that the investor would be providing to the personal-injury plaintiff. *Id*. The investors would receive a 25% interest rate for a 90-day advance and were promised a return of 7.5 – 13% in 90 days, with the Alleged Debtors keeping the other half of the profit. *Id* at 9.

7. Of critical importance to the arguments made in this Motion, Defendants were instructed in the Investment Contracts to wire the investment capital to an Interest on Lawyers' Trust Account (the "IOLTA Account") belonging to Beasley Law. *Id* at 7. It is estimated that approximately

2

132843045.1

1  $300 million passed into the IOLTA account from an approximated 150 investors. *Id*. Unbeknownst to the investors, Beasley and Judd were using funds received from later Investment Contracts to repay earlier investors, along with purportedly making disbursements both personally, and through various other entities. *Id*. As part of a filing done to persuade the Securities and Exchange Commission that J&J Consulting did not include giving financial advice, J&J Purchasing was formed, and took over the services that were previously provided by J&J Consulting. *Id* at 11. The Ponzi Scheme was shortly uncovered thereafter, resulting in the arrest of Beasley, and the filing of the Complaints and the Alleged Bankruptcy Cases. *Id* at 12.

8. In order to avoid burdening the Court with repetition, the Receiver incorporates herein the remaining facts regarding the details of the Ponzi Scheme as set forth in the Trustee Motion. *See* Trustee Motion, pp. 2-6.

**C.   The Appointment of the Receiver**

9. On March 17, 2022, Murphy filed a *Petition for Appointment of Receiver* (the "Receiver Petition") in the State Court Case. A true and correct copy of the Receiver Petition is annexed to the Ayala Declaration as **Exhibit 4**.

10. On March 30, 2022, the State Court granted the Receiver Petition and entered its *Order Appointing Receiver* (the "Receivership Order"), appointing Ayala as the Receiver over the State Court Defendants. A true and correct copy of the Receivership Order is annexed to the Ayala Declaration as **Exhibit 5**. In the Receivership Order, the State Court specifically noted that "Any and all applicable bankruptcy stays or restrictions shall apply to the extent that the same would preclude Receiver's direct receivership over either or both of [the Alleged Debtors]." *See* Ayala Declaration, Exhibit 5, p. 2 n.1.

11. Under the Receivership Order, the Receiver has been charged with various duties (the "Receivership Duties") including, "(a) to marshal all assets from all of the Receivership Companies and trace assets out to any other sources and determine the legitimacy of any transfers/payments…, (d) to take possession of all property…of all the Receivership Companies to the extent necessary to determine where the assets and funds invested by Plaintiff and similarly situated investors, has been

disgorged…, (f) to have all powers vested in the board of directors of each entity….” *See* Ayala Declaration, Exhibit 5, p.3.

**D.    The Bankruptcy Procedural History**

12.    On March 17, 2022, Keith Ozawa, Anthony Bonifazio, Brian Shumann, and Martin Kevin Cordova (collectively, the "Petitioning Creditors") filed involuntary chapter 11 petitions against J&J Consulting and J&J Purchasing (collectively, the "Alleged Debtors"), initiating the above-captioned Alleged Bankruptcy Case.

13.    On March 31, 2022, the Petitioning Creditors filed a complaint (the "Adversary Complaint") in the Alleged Bankruptcy Case, initiating Adversary Case No. 22-01061 (the "Adversary Proceeding") [ECF No. 5]. The Adversary Complaint contains twenty-two claims for relief, primarily based on avoiding various alleged fraudulent transfers of real property (the "Real Property") and other assets and recovering those assets for the bankruptcy estate. *See* ECF No. 5, pp. 13-14.

14.    On April 1, 2022, the Petitioning Creditors filed the Trustee Motion, which is set for hearing on April 15, 2022.

15.    On April 5, 2022, the Petitioning Creditors filed an *Emergency Application to Employ Peter Kravitz as Chief Restructuring Officer* (the "CRO Application") [ECF No. 13], which is set for hearing on April 15, 2022.

**E.    Actions taken by the Receiver and Petitioning Creditors**

16.    Since the State Court entered the Receivership Order, the Receiver, pursuant to his controlling equity over the State Court Defendants, has taken substantial actions (the "Receivership Actions") in furtherance of the Receivership Duties, none of which have been performed for or against property subject to the bankruptcy estates or the Alleged Debtors, including:

    a. Investigating the location and disposition of assets properly within the receivership estate;

    b. Negotiating with management of entities subject to the receivership estate to effectively transfer, convey, assign, or otherwise turn over property;

c. Establishing a receivership fiduciary account to ensure that monies collected by the Receiver are properly maintained and managed;

d. Retaining a warehouse and other storage facilities to ensure that personal property collected on behalf of the receivership estate is properly maintained and secured;

e. Served Judd, Jennifer Judd, and Paula Beasley with the Receivership Order;

f. Froze Beasley and Judd's Wells Fargo and US Bank accounts;

g. Negotiated the receipt of two loans for $25,000 and $20,000 respectively, for purposes of hiring an investigative team and to make loan payments on property located in South Lake Tahoe to avoid foreclosure or other adverse action;

h. Filed a notice of lis pendens on certain properties subject to the receivership estate located at 9 Sky Arc Court, Henderson, NV 89012; 8 Twisted Rock, Henderson, NV 89012; and 7329 Ravines Avenue, Las Vegas, NV 89131;

i. Filed a motion through State Court counsel to enjoin Judd from exercising any rights pursuant to his equity interests in the Alleged Debtors, as his equity interests are subject to the receivership estate; and

j. Filed a motion through State Court counsel for confirmation and clarification that all actions that Judd is purporting to take in the Alleged Bankruptcy Case are in contravention of the Receivership Order.

*See* Ayala Declaration, ¶ 9.

17. Additionally, upon information and belief, on April 1, 2022, a notice of lis pendens was filed by the Petitioning Creditors on the below-listed properties (the "Real Property"), which were allegedly purchased from funds derived from the Ponzi Scheme:

| Property Address | Parcel No. | Lis Pendens File Date |
|---|---|---|
| 19 Sky Arc, Henderson, NV 89012 | 178-33-210-004 | 4/1/2022 |
| 29 Rockstream, Henderson, NV 89012 | 178-33-213-010 | 4/1/2022 |

132843045.1

| Address | Parcel | Date |
|---|---|---|
| 8 Twisted Rock, Henderson, NV 89012 | 178-33-510-037 | 4/1/2022 |
| 9 Sky Arc Court, Henderson, NV 89012 | 178-33-610-039 | 4/1/2022 |
| 16 Paradise Valley Court, Henderson, NV 89052 | 190-08-612-003 | 4/1/2022 |
| 2143 Via Regina Coeli Street, Mt. Charleston, NV 89124 | 129-02-410-074 | 4/1/2022 |
| 5475 Ruffian Road, Las Vegas, NV 89149 | 126-36-501-029 | 4/1/2022 |
| Corner of W. Hammer Lane & Ruffian Road, Las Vegas, NV 89149 | 126-36-501-017 | 4/1/2022 |
| 5485 Ruffian Road, Las Vegas, NV 89149 | 126-36-501-030 | 4/1/2022 |
| Corner of W. Stephen Avenue & Ruffian Road, Las Vegas, NV 89149 | 126-36-501-031 | 4/1/2022 |
| 7329 Ravines Avenue, Las Vegas, NV 89131 | 125-10-115-020 | 4/1/2022 |
| 4015 Calle Lisa, San Clemente, CA | 060-231-23 | 4/1/2022 |
| 2314 E. La Sal Peak Dr., Heber City, UT 84032 | 00-0021-1113 | 4/1/2022 |
| 2364 E. La Sal Peak Dr., Heber City, UT 84032 | 00-0021-1105 | 4/1/2022 |
| 2394 E. La Sal Peak Dr. Heber City, UT 84032 | 00-0021-1104 | 4/1/2022 |
| 599 N. Red Mountain Court, Heber City, Utah 84032 | 00-0021-0348 | 4/1/2022 |

*See* Ayala Declaration, ¶ 10.

## II.

## **ARGUMENT**

A. **There is no Need for a Chapter 11 Trustee because the State Court has Appointed the Receiver and Given Him Broad Powers.**

Section 1104(a)(1) of the Bankruptcy Code provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee — (1) for cause, including fraud, dishonesty,

6

132843045.1

> incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. §§ 1104(a)(1) and (2).

Here, cause does not exist to appoint a Chapter 11 Trustee because the State Court has already appointed the Receiver, who is a completely independent and disinterested third party charged with the control and management of all of the Defendants. Regardless of whether the automatic stay prevents the Receiver from exercising direct control over the Alleged Debtors' assets, the Receiver, as the now-appointed controlling equity owner of the Alleged Debtors, is the only party entitled to make decisions for the Alleged Debtors.

Additionally, the appointment of a Chapter 11 trustee in this Alleged Bankruptcy Case cannot fully resolve and unwind the Ponzi Scheme. Upon information and belief, all of the $300 million was wired by the defrauded investors to the IOLTA Account owned by Beasley Law, a non-debtor entity that is not in front of this Court. Additionally, as indicated in the Trustee Motion and the Adversary Complaint, it is alleged that disbursements were made from various entities, including Judd and Beasley personally, none of which are in front of this Court. Further, upon information and belief, the Real Property was never owned by the Alleged Debtors and may not be subject to their bankruptcy estates. Thus, even if a Chapter 11 trustee is appointed, the Alleged Debtors will have limited ability to claw back all of the fraudulent and/or preferential payments made to the defrauded investors and may not be able to claw back the Real Property, both of which will be critical in the expeditious resolution of the Ponzi Scheme. The Receiver has been appointed over all of the State Court Defendants, not just the Alleged Debtors, and is the only appointed individual with broad powers to claw back all of the fraudulent and/or preferential payments in order to bring the defrauded investors an expeditious resolution.

Lastly, as evidenced above by the Receiver Actions, the Receiver has taken substantial steps to protect the interests of all of the creditors and defrauded investors. The appointment of the Receiver

7

132843045.1

has effectively halted all of the fraud and gross mismanagement of the Alleged Debtors former management. Therefore, the appointment of a Chapter 11 trustee is inappropriate under the circumstances, and it is in the best interests of the creditors for the Receiver, who has broader powers over all of the Defendants, to manage and control the Alleged Debtor throughout the duration of this Chapter 11 Case.

**B.     There is No Need for a "Gap" Trustee because the State Court has Appointed the Receiver and Given Him Broad Powers.**

As properly stated by the Petitioning Creditors in the Trustee Motion, a trustee may be appointed for cause at any time after the filing of an involuntary petition – including during the "gap period" between the filing of the involuntary petition and the court's entry of an order for relief. The filing of the involuntary petition commences the case and triggers the application of 11 U.S.C. § 1104. *In re Prof'l Acountants Referral Servs., Inc.*, 142 B.R. 424 (Bankr. D. Colo. 1992).

However, as is also correctly stated in the Trustee Motion, courts have generally appointed Chapter 11 trustees during the gap period in order to stop gross mismanagement or suspected fraudulent activity.

Here, as described more fully above, the Receiver is now in control of the Defendants, and all of the equity interests of the Alleged Debtors. The prior management, who organized and perpetuated the Ponzi Scheme, no longer have any authority to manage the Alleged Debtors. Additionally, the Receiver has taken, and is now taking, substantial steps to protect the creditors and all defrauded investors. Further, lis pendens have been filed against Real Property, effectively preventing further transfer or fraudulent activity, thereby eliminating the need for a Chapter 11 trustee. Therefore, any gross mismanagement or fraudulent activity has ceased in its entirety, and there is no longer a need for a gap trustee with the Receiver in control of the Alleged Debtors' equity interests.

//
//
//
//
//

8

132843045.1

## III.

## **CONCLUSION**

For the reasons set forth above, the Receiver respectfully requests that the Court enter an order: (i) denying the Motion in its entirety, and (ii) granting the Receiver such other and further relief as is just and appropriate under the circumstances.

Dated this 12th day of April 2022.

**FOX ROTHSCHILD LLP**

By:    */s/ Brett A. Axelrod*
       BRETT A. AXELROD, ESQ.
       Nevada Bar No. 5859
       1980 Festival Plaza Drive, Suite 700
       Las Vegas, Nevada 89135
       *Counsel for Daniel A. Ayala, Receiver*

132843045.1