KEVIN N. ANDERSON, ESQ.
Nevada State Bar No. 4512
TREVOR R. WAITE, ESQ.
Nevada State Bar No. 13779
FabianVanCott
411 E. Bonneville Ave., Suite 400
Las Vegas, NV 89101
Telephone:     (702) 233-4444
E-Mail:     kanderson@fabianvancott.com, twaite@fabianvancott.com

*Attorneys for Jeffrey J. Judd, Jennifer R. Judd, Jeffrey J. Judd &Jennifer R. Judd as Trustees of Judd Nevada Trust Dated December 15, 2020*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>J&J CONSULTING SERVICES, INC.,<br><br>Alleged Debtor | Case No. 22-10942-MKN<br><br>Chapter 11- Involuntary<br><br>Adv. Proceeding No.: 22-01061-MKN |
| ANTHONY BONIFAZIO, an individual; KEITH OZAWA, an individual; JANELLE OZAWA, an individual; and BRIAN SCHUMANN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY J. JUDD, an individual; JENNIFER R. JUDD, an individual; JEFFREY J. JUDD AND JENNIFER J. R. JUDD, AS TRUSTEES OF JUDD NEVADA TRUST, DATED DECEMBER 15, 2020, a Nevada trust; J & J CONSULTING SERVICES, INC., an Alaska corporation; MATTHEW BEASLEY, an individual; PAULA BEASLEY, an individual; BEASLEY LAW GROUP PC, a Nevada Professional Corporation; SHANE M. JAGER, an individual, WILLOW A. JAGER, an individual; KARSEN D. JAGER, an individual; SHANE M. JAGER AND WILLOW A. JAGER, AS TRUSTEES OF JAGER FAMILY TRUST, DATED JUNE 30, 2003, AMENDED JUNE 30, 2009, a Nevada trust; STIRLING CONSULTING L.L.C., a Nevada limited liability company; JASON JONGEWARD, an individual; JOHN | Date of Hearing: *April 15, 2022*<br>Time of Hearing: *10:00 a.m.* |

1

CANNON, AS TRUSTEE OF THE
CAROLINA CHASE TRUST, DATED _____
a California trust,

       Defendants.

### JUDD PARTY'S OPPOSITION TO PETITIONING CREDITORS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Pursuant to 11 U.S.C. § 105(a) & Fed. R. Bankr. P.  7065, Defendants Jeffrey J. Judd, Jennifer R. Judd, Jeffrey J. Judd & Jennifer R. Judd as Trustees of Judd Nevada Trust Dated December 15, 2020 (the "**Judd Parties**") submit this memorandum opposing the Petitioning Creditors' Motion for Preliminary Injunction and Temporary Restraining Order (the "**TRO Motion**").

### MEMORANDUM AND POINTS OF AUTHORITIES

**I.       INTRODUCTION**

The Petitioning Creditors injunctive relief against the Judd Parties based on nothing more than what they have read in the newspaper and assumptions that the Judd Parties are attempting to abscond with proceeds from the sale of their assets, despite repeated representations to the contrary. Extraordinary Relief requires extraordinary proof. Here, none is forthcoming. The first 11 pages of the TRO Motion is not supported by a single piece of admissible evidence. Mr. Schwartz's declaration merely states that various complaints have made various allegations. The veracity of any of these allegations has yet to be sworn to under oath. Alleged hearsay statements by Mr. Beasley that he was running a Ponzi scheme is certainly not evidence that any of the Judd Parties were knowing participants in Mr. Beasley's endeavors.

Pursuant to L.R. 9014.2(b), the Judd Parties do ***NOT CONSENT*** to the entry of final orders or judgment by the Court with respect to them or their assets, especially on an expedited basis on such a dearth of evidence. Let a fiduciary investigate and determine what assets are believed to be property of the estate under § 541. There is no need to rush to judgment now.

## II.    BACKGROUND FACTS

1.    On March 17, 2022 (the "**Petition Date**"), involuntary chapter 11 bankruptcy petitions were filed against J&J Consulting Services, Inc. ("**Consulting**") and J and J Purchasing, LLC ("**Purchasing**," and together with Consulting, "**J&J**") in the United States Bankruptcy Court for the District of Nevada under bankruptcy case numbers (respectively) 22-10942-mkn and 22-10943-mkn

2.    The Petitioning Creditors filed the Chapter 11 Case alleging that Alleged Debtor, among others, was operating a *Ponzi* scheme in excess of $300,000,000. See, e.g., ECF No. 4.

3.    Petitioning Creditors are not alone. In fact, as of the date of this filing, in addition to the two involuntary proceedings and an adversary proceeding Petitioning Creditors have commenced, no less than three litigation cases are actively pending related to Alleged Debtor, its affiliates, and other entities purportedly involved in their operation. See Anderson Decl. ¶ 3.

4.    Specifically, the following cases are currently pending with respect to Alleged Debtor; J and J Purchasing, LLC, its affiliate; and other purported participants in the alleged *Ponzi* scheme: (a) *In re J&J Consulting Services, Inc.*, Case No. 22-10942-MKN, pending in the Nevada Bankruptcy Court; (b) *In re J and J Purchasing, LLC*, Case No. 22-10943-MKN, pending in the Nevada Bankruptcy Court; (c) *Bonifazio, et al. v. Judd, Judd Nevada Trust, dated December 15, 2020, J & J Consulting Services, Inc., Beasley, Beasley Law Group PC, Jager, Jager Family Trust, Dated June 30, 2009, Stirling Consulting L.L.C., Jongeward, Carolina Chase Trust Dated _____*, Adv. No. 22-01061-MKN pending in the Nevada Bankruptcy Court; (d) *Murphy, et al. v. Beasley, Beasley Law Group PC, Judd, J&J Consulting Services, Inc., J and J Purchasing, LLC*, Case No. A-22-849806-B pending in the Eighth Judicial District Court for the District of Nevada (the "*Murphy* Action"); (e) *Henzel, et al. v. Judd, et al.*, Case No. 2:22-cv-00529, pending before the United Stated District Court for the District of Nevada;

3

and (f) *Lewis, et al. v. Wells Fargo Bank, N.A., Beasley Law Group PC, Beasley*, Case No. A-22-850036-C pending in the Eighth Judicial District Court for the District of Nevada. <u>See</u> Anderson Decl. ¶ 4.

5.      In addition, multiple law firms have established websites seeking to solicit investors in Alleged Debtor's business which are likely to result in a multitude of additional litigation through the country. <u>See</u> Anderson Decl. ¶ 5.

6.      Of significant concern, the various litigations seek to freeze, control, and/or recover assets of various non-debtor parties that may be properly recovered by the Alleged Debtor's estate based on preference, fraudulent transfer, or other legal theories. <u>See</u> Anderson Decl. ¶ 6.

7.      Most recently, and despite the existence of the Chapter 11 Case, Danial Ayala was purportedly appointed as a receiver over, among others, Alleged Debtor in the *Murphy* Action. <u>See</u> Anderson Decl. ¶ 7.

8.      In complete disregard for the bankruptcy automatic stay,[1] Mr. Ayala contends that his appointment is proper, and he has threatened to begin marshalling the assets of the Alleged Debtor and related persons. <u>See</u> Anderson Decl. ¶ 8.

9.      Alleged Debtor is currently controlled and operated by Jeffrey Judd, who serves as its president, treasurer, and sole director. <u>See</u> Anderson Decl. ¶ 9.

10.     Of critical importance to the arguments made in the TRO Motion, investors were instructed in the Investment Contracts to wire the investment capital to an Interest on Lawyers' Trust Account (the "IOLTA Account") belonging to Beasley Law. It is estimated that approximately $300 million passed into the IOLTA account from an approximated 150 investors. <u>See</u> Anderson Decl. ¶ 10.

---

[1] Alleged Debtor is in the process of preparing a motion to this Court to declare the entry of the receivership order over Alleged Debtor as void as a violation of the automatic stay. Jeffrey Judd has filed a motion in the *Murphy* Action to set aside the receivership order as to him. A hearing on that is set for April 14, 2022.

### III.    LEGAL STANDARD

Regardless of whether the Petitioning Creditors are seeking a preliminary injunction or a temporary restraining order, the "analysis is substantively identical," *Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both are "extraordinary" remedies and "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). To obtain, the movant "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.*[2]

### IV.    LEGAL ARGUMENT

#### A.    The Petitioning Creditors Cannot Establish Irreparable Harm.

Unlike a Rule 12(b) motion, a motion under Rule 65 must be supported by admissible evidence rather than mere allegations. "Those seeking injunctive relief" must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.,* 736 F.3d 1239, 1251 (9th Cir. 2013). The irreparable harm must be "neither remote nor speculative, but actual and imminent." *In re Int'l Home Products Inc.*, 491 B.R. 607, 627 (Bankr. D.P.R. 2013).[3]

---

[2] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013). Since the Petitioning Creditors do not assert this standard applies, the Judd Parties do not analyze it but reserve the right to do so should the Petitioning Creditor argue the "serious questions" standard is applicable here.

[3] Harm is irreparable if the problem cannot be solved with money unless "the plaintiff can establish . . . the impending insolvency of the defendant[s] or that [the] defendant[s] ha[ve] engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1476-80 (9th Cir. 1994) (*Estate of Ferdinand Marcos*). The Ninth Circuit, however, expressly "restricted" its holding "to only *extraordinary* cases in which equitable relief is not sought" in order to "avoid[] the concern . . . of the 'sweeping effect' that a plaintiff in any action requesting damages can apply for an injunction to sequester his or her opponent's assets." *Id.* at 1480 (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 222-23 (1945)). Since the complaint seeks equitable

The entire basis of the Petitioning Creditors' assertion of irreparable harm is that the Judd Parties are attempting to sell their assets and that list prices on some real properties were purportedly cut "substantially." No evidence is offered that the sale prices currently on offer are for less than market value, or that the proposed sales are anything other than at arm's length to bona fide purchasers. The Petitioning Creditors cannot offer any evidence that the sale proceeds would be unreachable but for injunctive relief. They know proceeds will not be dissipated and lack evidence of a pattern of dissipation or that the Judd Parties are insolvent. In fact, the Petitioning Creditors were willing to stipulate with the Judd Parties to the sale of Mr. Judd's primary residence (which is owned by a trust) provided the proceeds were under control of a third party (Mr. Kravitz) with the Bankruptcy Court's supervision. Irreparable harm is absent.

**B.      The Petitioning Creditors Are Unlikely to Succeed on the Merits.**

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate that he is likely to succeed on the merits," *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). No evidence is provided in the TRO Motion that the Judd Parties knew of Mr. Beasley's scheme. Such knowledge merely presumed based entirely upon the positions Mr. Judd held with the Alleged Debtors. Yet the Petitioning Creditors allege that the money went in and out of Mr. Beasley's IOLTA at Wells Fargo. No allegation is made (let alone admissible evidence offered) that the Judd Parties had any insight into the IOLTA. Just because Mr. Beasley supposedly confessed to the FBI that he had perpetrated a Ponzi scheme is insufficient to establish that the Judd Parties were anything more than victims of it. Otherwise, they too would not have been "investors." And yet, the Petitioning Creditors focus the TRO Motion solely on

---

relief in the form of claims under 11 U.S.C. §§ 544(b), 548, 550, N.R.S. §§ 112.180(1), 112.220(2), Alaska Stat. §§ 34.40.010, 34.40.020, Fla. Stat. §§ 726.105(1), 726.108(a), among others, the *Estate of Ferdinand Marcos* exception is inapplicable.

the Judd Parties, rather than Mr. Beasley, who is currently attempting to give half of his assets to

is wife in a divorce.

      **C.**      **The Equities Do Not Weigh in the Petitioning Creditors' Favor.**

"When the reach of an injunction is narrow, limited only to the parties, and has no impact

on non-parties, the public interest factor will be at most a neutral factor in the analysis rather than

one that favors granting or denying the preliminary injunction." *Stormans, Inc. v. Selecky*, 586

F.3d 1109, 1138-39 (9th Cir. 2009). Conversely, where, as here, the requested injunctive relief

request effects third-party buyers of the Judd Parties' assets, this factor weighs against the

Petitioning Creditors.

**V.**      **CONCLUSION**

Based on the foregoing, the Court should deny the TRO Motion.

DATED this 12th day of April, 2022.

 

          /s/ *Kevin N. Anderson*
          KEVIN N. ANDERSON, ESQ.
          Nevada State Bar No. 4512
          TREVOR R. WAITE, ESQ.
          Nevada State Bar No. 13779
          FabianVanCott
          411 E. Bonneville Ave., Suite 400
          Las Vegas, NV 89101
          Telephone:    (702) 233-4444
          E-Mail: kanderson@fabianvancott.com

          Attorneys for Jeffrey J. Judd, Jennifer R. Judd,
          Jeffrey J. Judd &Jennifer R. Judd as Trustees of
          Judd Nevada Trust Dated December 15, 2020

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 12th day of April, 2022, I caused a true and correct copy

of the foregoing **JUDD PARTY'S OPPOSITION TO PETITIONING CREDITORS'**

**MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING**

**ORDER** to be served on all those entitled to receive service via the Court's CM/ECF service.

I hereby further certify that I caused a copy of the foregoing to be served via the United

States Mail, with first-class postage prepaid, addressed to the following:

J AND J PURCHASING, LLC
7901 4TH STREET NORTH, SUITE 300
ST. PETERSBURG, FL 33702

J & J CONSULTING
SERVICES, INC.
2700 EAST SUNSET ROAD, SUITE 9
LAS VEGAS, NV 89008

U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S., SUITE 4300
LAS VEGAS, NV 89101

Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street, Suite 900
Los Angeles, California 90071

DATED this 12th day of April, 2022.

/s/ Kevin N. Anderson
KEVIN N. ANDERSON, ESQ.