KEVIN N. ANDERSON, ESQ.
Nevada State Bar No. 4512
TREVOR R. WAITE, ESQ.
Nevada State Bar No. 13779
FabianVanCott
411 E. Bonneville Ave., Suite 400
Las Vegas, NV 89101
Telephone:     (702) 233-4444
E-Mail:         kanderson@fabianvancott.com, twaite@fabianvancott.com
*Attorneys for Jeffrey Judd*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>J&J CONSULTING SERVICES, INC.,<br><br>Alleged Debtor | Case No. 22-10942-MKN<br><br>Chapter 11- Involuntary<br><br>Date of Hearing: *April 15, 2022*<br>Time of Hearing: *10:00 am* |

**JEFFREY JUDD'S OPPOSITION TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF (A) CHAPTER 11 TRUSTEE EITHER (I) FOR CAUSE UNDER 11 U.S.C. § 1104(a)(1) OR (II) IN THE BEST INTERESTS OF CREDITORS UNDER 11 U.SC. § 1104(a)(2) AND FED. R. BANKR. P. 2007.1, 2009, AND 9014 AND (B) GAP PERIOD TRUSTEE PENDING ENTRY OF THE ORDER FOR RELIEF UNDER § 303(f)**

Pursuant to 11 U.S.C. §§ 1104(a), Fed. R. Bankr. P. 2007.1, 9013, and 9014, interested party Jeffrey Judd submits this memorandum opposing the Petitioning Creditors' Motion to Appoint a Chapter 11 Trustee and Gap Period Trustee (the "**Trustee Motion**").

<u>MEMORANDUM AND POINTS OF AUTHORITIES</u>

**I.     JURISDICTION AND VENUE**

1.    With respect to the Alleged Debtors and Petitioning Creditors, Mr. Judd agrees that this Court has jurisdiction to determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the statutory definition of 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(O). With respect to Mr. Judd and his assets, the Court lacks jurisdiction.

1

2. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

3. Pursuant to L.R. 9014.2(b), Mr. Judd does **NOT CONSENT** to the entry of final orders or judgment by the Court with respect to him and his assets, especially on an expedited basis.

4. Paragraph 4 of the Motion states a legal conclusion, which Mr. Judd denies for the reasons stated below.

## II. BACKGROUND FACTS

5. On March 17, 2022 (the "**Petition Date**"), involuntary chapter 11 bankruptcy petitions were filed against J&J Consulting Services, Inc. ("**Consulting**") and J and J Purchasing, LLC ("**Purchasing**," and together with Consulting, "**J&J**") in the United States Bankruptcy Court for the District of Nevada under bankruptcy case numbers (respectively) 22-10942-mkn and 22-10943-mkn. The Petitioning Creditors filed the Chapter 11 Case asserting that Alleged Debtor, among others, was operating a *Ponzi* scheme more than $300,000,000. See, e.g., ECF No. 4.

6. The Alleged Debtor believes that a chief restructuring officer is necessary in this case to marshal Alleged Debtor's assets and monitor and centralize all pending litigation in order to present the best recovery for the creditors in this case. Critically, bankruptcy courts are uniquely qualified to address situations such as this where multiple litigations against various parties threated to deplete the recovery for creditors through haphazard and disorganized proceedings. See Anderson Decl. ¶ 10.

7. The Petitioning Creditors consent to and support the appointment of the CRO under the terms of the Emergency Agreed Application for Entry of an Order Authorizing the Retention, Employment, and Appointment of Peter Kravitz as the Alleged Debtor's Chief Restructuring Officer (the ""), and agree their request for a trustee as set forth in the Trustee

Motion will be resolved upon approval of Kravitz's appointment. See Anderson Decl. ¶ 12. See, e.g., ECF No. 13.

8. To that end, upon appointment, Kravitz is authorized and empowered to remove and replace Judd as the sole officer and director of Alleged Debtor and consent to entry of the order for relief in the Chapter 11 Case so that the investigation, recovery, and ultimate distribution is performed openly under the guidance and oversight of this Court and in the full view of all interested parties. See Anderson Decl. ¶ 11.

III. **LEGAL ARGUMENT**

A. **A CRO is Preferable to a Chapter 11 Trustee.**

After the Trustee Motion was filed, the CRO Application was filed. As detailed in the Alleged Debtors' moving papers for the CRO Application, a more cost effective and deliberate approach is preferable to a pell-mell race to various courthouses, and competing attempts to seize non-debtor assets, all based on a hunch and presented to this Court on shortened time.

As the Petitioning Creditors subsequently recognized, appointing a CRO as proposed is preferable to the appointment of a Chapter 11 trustee (or dismissal, as putative state Ayala prefers) for several reasons.

First, current management has agreed that Orders for Relief could be entered if the CRO Application is granted.[1] This will permit Mr. Kravitz to hit the ground running, whereas a trustee

---

[1] Daniel A. Ayala ("Ayala"), asserts he is "the Receiver of the equity interests of the" Alleged Debtor. However, that assertion is based entirely upon a March 30, 2022 State Court Order entered post-petition in violation of the automatic stay. As such, it is void ab initio. See, e.g., Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571, 573 (9th Cir. 1992). Moreover, to the extent Ayala is asserting he is stepping into the shoes of Mr. Judd by virtue of the Order, it is also void as to Mr. Judd because service of process on the motion to appoint a receiver was not completed on Mr. Judd until days after the objection deadline. Thus, the Order is void as to Mr. Judd on due process grounds. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Garcia v. Ideal Supply Co., 874 P.2d 752, 753 (Nev. 1994), overruled on other grounds, In re Harrison Living Trust (Teriano v. Nev. State Bank), 112 P.3d 1058 (Nev. 2005)). Moreover, the Order is also void as a matter of state law because it fails to require Ayala to post a bond, in violation of NRS 32.275. See Order at page 15, line 2 "[t]he Receiver shall serve without bond.").

would be bogged down fighting whether an order for relief should be entered against both Alleged Debtors. Given the number of moving parts and rapid development of these bankruptcy cases and filings in the *Murphy* litigation, this would be a distinct advantage.

Second, two important constituencies have agreed to Mr. Kravitz's appointment—the Petitioning Creditors and current management. There would inevitably be fights over who would be chosen as a chapter 11 trustee, especially by Ayala.

Third, there is no doubt that Mr. Kravitz is local, qualified, capable, and independent. He has not spoken to Mr. Judd or the undersigned. A trustee will likely have to hail from out of state to have comparable experience to Mr. Kravitz given other experienced professionals are already engaged to represent various parties in these cases.

Fourth, the flat fee arrangement could lead to significant savings on administrative expenses for the state and avoid fights over fee applications for a trustee. Given the hourly rates detailed in Mr. Kravitz's declaration, it would not take long for the $50,000 a month rate to be cheaper than a trustee's hourly rate, especially if that trustee's rates are based on the markets for Los Angeles, Chicago, Texas, and/or New York.

**B.     The Trustee Motion Fails to Meet its Burden.**

"[O]n request of a party in interest . . . and after notice and a hearing, the court shall order the appointment of a trustee- (1) for cause[.]" 11 U.S.C. § 1104(a)(1).[2] Alternatively, "on request of a party in interest . . . and after notice and a hearing, the court shall order the appointment of a trustee . . . if such appointment is in the best interests of creditors." *See* 11 U.S.C. § 1104(a)(2).

The party seeking appointment of the trustee bears the burden of proof "that one or both of these independent bases." *In re Rosenblum*, 608 B.R. 529, 543 (Bankr. D. Nev. 2019) (citing 7

---

[2] "Cause" includes "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case[.]" 11 U.S.C. § 1104(a)(1).

4

COLLIER ON BANKRUPTCY, ¶ 1104.02[4][b] (Alan N. Resnick and Henry J. Sommer, eds, 16th ed. rev. 2018)). The Petitioning Creditors have failed to meet their burden.

The Motion offers nothing but unverified complaints and alleged unsworn statements the putative Debtors' former counsel reportedly told the FBI. Regardless of the applicable standard,[3] Petitioning Creditors must present admissible evidence, not conjecture, unverified allegations, and unsworn hearsay, as they have here.

There is no evidence in the Motion or the Declaration in support thereof that Mr. Judd is attempting to abscond with assets or that the prices he negotiated for various properties being sold are below market. Because none exists. Petitioning Creditors merely fear the worst and raced into court seeking extraordinary relief without any supporting evidence. A declaration from their counsel does not suffice because "[t]he bankruptcy judge, not the attorney for the creditors' committee, judges whether to appoint a trustee." *In re Bibo, Inc.*, 76 F.3d 256, 258 (9th Cir. 1996).

"[T]he standard for § 1104 appointment is very high" because "Chapter 11 of the Code is designed to allow the debtor-in-possession to retain management and control of the debtor's business operations unless a party in interest can prove that the appointment of a trustee is warranted, and there is a strong presumption that the debtor should be permitted to remain in possession absent a showing of need for the appointment of a trustee" and "the appointment of a chapter 11 trustee is an extraordinary remedy." *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y.), *aff'd*, 342 B.R. 122 (S.D.N.Y. 2006) (footnotes and internal quotation

---

[3] "Courts are divided as to the quantum of proof required, and the issue is unresolved in the Ninth Circuit. Some courts require clear and convincing evidence. Other courts believe that the preponderance of the evidence standard applies." *In re te Velde*, No. 18-11651-A-11, 2018 WL 4405981, at *2 (Bankr. E.D. Cal. Sept. 12, 2018) (citations omitted). *Accord In re Rosenblum*, 608 B.R. at 543 n.29 ("The treatise [Collier on Bankruptcy] discusses the divergent case law as to whether that burden is satisfied under a preponderance of the evidence or a clear and convincing evidence standard. For purposes of this Order only, the court assumes that the preponderance standard applies.").

marks omitted). *Accord In re Elite Auto Dealer, Inc.*, No. 20-12221-MKN, 2020 WL 6598256, at *6 (Bankr. D. Nev. July 8, 2020); *see also* 7 Collier on Bankruptcy, ¶1104.02[b][i] (Richard Levin and Henry J. Sommer, eds., 16th ed. 2020).

This is particularly true given the fact that an order for relief has yet to be entered in these involuntary cases. "[E]xcept to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced." 11 U.S.C. § 303(f). According to the legislative history, such an order is appropriate when there is a "fear that *the debtor* may attempt to abscond with assets, dispose of them at less than their fair market value, or dismantle his business, all to the detriment of the debtor's creditors." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 323 (1977) (emphasis added).

An alleged debtor therefore may continue to operate its business until the order for relief, which is not entered until a trial on the merits, or unless the petition is not controverted. *See* 11 U.S.C. § 303(h).[4] "In the involuntary case an interim trustee may only be appointed if such appointment is necessary to preserve property of the estate or prevent loss to the estate." *In re Alpine Lumber & Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981) (citing 11 U.S.C. § 303(g)). "Congress insisted, however, that a debtor who does not consent to bankruptcy court supervision cannot be deprived of its property unless '[T]he debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount.' Bankruptcy law takes a cautionary approach when it permits the interests of

---

[4] Mr. Judd understands that the Alleged Debtor has agreed to the entry of the Order for Relief if and only if the Emergency Agreed Application for Entry of Order Authorizing Retention, Employment and Appointment of Peter Kravitz as the Alleged Debtor's Chief Restructuring Offer (the "CRO Application") is granted. The CRO Application, if granted would moot the Petitioning Creditors' request for a Chapter 11 Trustee and the Petitioning Creditors have agreed with withdraw the instant motion in such an event.

creditors to be altered or abridged without their consent. No less is required when an alleged debtor is placed into bankruptcy without its consent." *In re EB Holdings II, Inc.*, 589 B.R. 704, 730 (Bankr. D. Nev. 2017) (quoting 11 U.S.C. § 303(h)(1)) (internal citations omitted).

But the Court "need not determine" the appropriate "interpretation of § 303(f)" when deciding to appoint an interim trustee "because there is no evidence in this record which supports its 'fear' that [Mr. Judd] will transfer assets from his estate if left to his own devices." *In re DiLorenzo*, 161 B.R. 752, 754–55 (Bankr. S.D.N.Y. 1993).[5] As such, an alleged debtor should be allowed to continue with its business as usual until it is deemed a bankrupt and assumes the role of a debtor-in-possession.

This Court examines four factors when deciding whether to appoint a trustee in the interests of creditors and the estate: "(1) the trustworthiness of the debtor, (2) the past and present performance of the debtor and the prospects for rehabilitation, (3) the confidence level of creditors and the business community in the debtor, and (4) whether the benefits of appointing a trustee outweigh the associated costs." *In re Elite Auto Dealer, Inc.*, 2020 WL 6598256, at *6 (internal quotation marks omitted). "'[T]he debtor's ability to fulfill its duty of care to protect assets, its duty of loyalty, and its duty of impartiality' is at the core of an § 1104(a)(2) analysis." *In re Golden Park Estates, LLC*, No. 14-12253 T11, 2015 WL 3643479, at *6 (Bankr. D.N.M. Jun. 11, 2015) (Thuma, J.) (quoting *In re Celeritas Techs., LLC*, 446 B.R. 514, 520 (Bankr. D. Kan. 2011)).

The Trustee Motion engages in no analysis and provides no evidence to support any of these factors. Instead, Petitioning Creditors merely presume that Mr. Judd is liquidating assets to abscond with proceeds from an alleged Ponzi scheme based on a complaint from the company's

---

[5] "In a Chapter 11 context, entry of an order for relief does not automatically result in a trustee being appointed, but typically is followed by the petitioning creditors' immediate request for appointment of a Chapter 11 trustee under Section 1104(a)." *In re EB Holdings II, Inc.*, 589 B.R. 704, 730 (Bankr. D. Nev. 2017). Here again, the Petitioning Creditors put the cart before the horse.

7

accountant trying to protect himself from investors,[6] and an article in the *Wall Street Journal*. This is far from sufficient.

### IV.   CONCLUSION

Based on the foregoing, the Court should deny the Trustee Motion and grant the CRO Application. In the alternative, the Court should permit the Alleged Debtor to retain its rights under section 303(f) unless and until the Order for Relief is entered.

DATED this 12th day of April, 2022.

/s/ *Kevin N. Anderson*
KEVIN N. ANDERSON, ESQ.
Nevada State Bar No. 4512
FabianVanCott
411 E. Bonneville Ave., Suite 400
Las Vegas, NV 89101
Telephone:    (702) 233-4444
E-Mail: kanderson@fabianvancott.com

Attorneys for Jeffrey Judd

---

[6] On April 6, 2022, an investor with state court plaintiff and the party employing the putative state court receiver, Mark Murphy filed a Verified Complaint in Nevada state court, captioned *RPS Properties, LLC v. Mark A. Murphy, et al.*, as Case No.: A-22-850808-B (Department 13).

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 12th day of April, 2022, I caused a true and correct copy of the foregoing **JEFFREY JUDD'S OPPOSITION TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF (A) CHAPTER 11 TRUSTEE EITHER (I) FOR CAUSE UNDER 11 U.S.C § 1104(a)(1) OR (II) IN THE BEST INTERESTS OF CREDITORS UNDER 11 U.SC. § 1104(a)(2) AND FED. R. BANKR. P. 2007.1, 2009, AND 9014 AND (B) GAP PERIOD TRUSTEE PENDING ENTRY OF THE ORDER FOR RELIEF UNDER § 303(f)** to be served on all those entitled to receive service via the Court's CM/ECF service.

I hereby further certify that I caused a copy of the foregoing to be served via the United States Mail, with first-class postage prepaid, addressed to the following:

J AND J PURCHASING, LLC
7901 4TH STREET NORTH, SUITE 300
ST. PETERSBURG, FL 33702

J & J CONSULTING
SERVICES, INC.
2700 EAST SUNSET ROAD, SUITE 9
LAS VEGAS, NV 89008

U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S., SUITE 4300
LAS VEGAS, NV 89101

Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street, Suite 900
Los Angeles, California 90071

DATED this 12th day of April, 2022.

/s/ Kevin N. Anderson
KEVIN N. ANDERSON, ESQ.